UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Paul Cunningham, | ) | CASE NO. 5:17 CV 2714 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Portage County Courthouse, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Background**

Seeking to proceed *in forma pauperis, pro se* plaintiff Paul Cunningham has filed a civil complaint in this action against the Portage County Courthouse, multiple court employees (including judges, magistrates, and clerks), and multiple attorneys. (*See* Doc. No. 1.)

His complaint does not set forth discernible factual allegations or legal claims. While the plaintiff indicates in his complaint he seeks to assert claims for "constitutional rights" violations in connection with "all [of his] cases" (*see id.* at 7, 8), he does not identify any specific constitutional right he contends the defendants violated or the specific cases to which his complaint refers, and he does not set forth allegations of specific conduct on the part of any defendant. The plaintiff's "Statement of Claim," in its entirety, states:

>  Violation of my constitutional rights in all my cases by all Defendants.  They have Black Balled me.  They have rui[ned] my life with their actions.  I have been told that "Here in Portage County we Deal with the Good old Boys System."

(*Id*., p. 8.)

As relief, the plaintiff seeks damages and to have "the illegal eviction and [his] whole public record cleaned."  (*Id*.)

## Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).  Federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)).  The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it does not meet these standards and must be dismissed pursuant to § 1915(e)(2)(B). The unclear and conclusory allegations set forth in the plaintiff's complaint are simply insufficient to suggest any plausible federal claim against any defendant. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). *See also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's motions for appointment of counsel (Doc. No. 3) and for an "extension of time for Court" to appoint *pro bono* counsel (Doc. No. 5) are denied.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 14, 2018        /s/ John R. Adams
                          JOHN R. ADAMS
                          UNITED STATES DISTRICT JUDGE